## L. G. JOHNSON *v*. FRANK P. DEVENS ET AL.

SUPREME COURT. *Damages on affirmance of judgment. Restraining process. Garnishment.*

Sect. 1422 of the Code of 1880 in relation to judgments in the Supreme Court, on appeal, provides that, "in case the judgment or decree of the court below shall be affirmed, the Supreme Court shall render judgment against the

appellant for damages at the rate of five per centum and costs," in certain specified cases, one class of which was indicated by the following language: "If the judgment or decree be for the dissolution of an injunction or other restraining process, at law or in chancery, the damages shall be computed on the amonnt due the appellee, which was enjoined.or restrained." The provision last above quoted has reference to a suit instituted for the purpose of restraining payment of a sum due the appellee, and does not apply to the restraint of a writ of garnishment, which is a mere incident to the execution of process.

MOTION in Supreme Court.

L. G. Johnson sued out an attachment against Frank P. Devens and others as non-residents, for an alleged indebtedness of $1,000, and caused a writ of garnishment to be served on Mattingly, Son & Co. The defendants in the attachment denied the indebtedness, and in the trial of the issue in respect thereto the court instructed the jury to find for the defendants, which they did. Judgment was accordingly rendered, and the plaintiff appealed, and in this court the judgment of the court below was affirmed. The appellees then made a motion for judgment against the appellant, based upon sect. 1422 of the Code of 1880 in relation to judgments in the Supreme Court, which provides that, " in case the judgment or decree of the court below shall be affirmed, the Supreme Court shall render judgment against the appellant for damages at the rate of five per centum, and costs in certain specified cases, amongst which is the following: ' If the judgment or decree be for the dissolution of an injunction or other restraining process, at law or in chancery, the damages shall be computed on the amount due the appellee, and which was enjoined or restrained.' "

*Murray F. Smith*, for the motion.

I submit that a writ of garnishment is a restraining process at law, and that appellees are entitled to five per cent damages upon the amount garnished. In Drake on Attach., sect. 403, the writ of garnishment is held to have the effect to restrain the garnishee from paying his debt to the defendant.

This is precisely the effect of the writ of garnishment under our statute. The defendant's rights in the property are so far extinguished as to prevent the defendant from making any disposition of it, which will interfere with its subjection to the payment of the plaintiff's demands when they shall have been legally perfected. The goods or effects are *in custodia legis*, and the garnishee is bound to keep them in safety or render himself personally liable by his failure to do so. If a writ of garnishment is not a restraining process at law, it is difficult to conceive of any legal process that is.

No counsel *contra*.

CAMPBELL, C. J., delivered the opinion of the court.

This is a a motion by the appellee to have judgment entered for five per cent damages on the amount due the appellee from a garnishee who was summoned in the attachment, which was dismissed by the Circuit Court, whose judgment was affirmed by this court. The garnishment was not the sort of restraining process meant by the clause in sect. 1422 of the Code of 1880, which provides : " If the judgment or decree be for the dissolution of an injunction or other restraining process, at law or in chancery, the damages shall be computed on the amount due the appellee, and which was enjoined or restrained." This language contemplates a suit which has for its object the restraint of a sum due the appellee, and not a mere incident to the execution of process, as the levy of an attachment on property or the summoning of a garnishee. If the attachment had been levied on property of the appellee, he would not be entitled to damages on the value of the property, and the garnishment of his debtor affords no higher claim to damages than a levy on property would have.

Motion denied.